UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DEBORAH HOROWITZ**

        **Plaintiff,**

**-vs-**                                            **Case No.  6:06-cv-807-Orl-19KRS**

**SAFECO INSURANCE COMPANY OF AMERICA**

        **Defendants.**

_____

# ORDER

This case comes before the Court on the following:

1. Plaintiff Deborah Horowitz's Motion for Remand. (Doc. No. 5, filed June 16, 2006); and

2. Defendant Safeco Insurance Company of America's Response to Plaintiff's Motion for Remand and Incorporated Memorandum of Law. (Doc. No. 11, filed June 27, 2006).

## Background

On May 24, 2006, this suit was filed in the Ninth Judicial Circuit in Orange County Florida. (Doc. No. 1, ¶2). In the Complaint, Plaintiff Deborah Horowitz sued Defendant Safeco Insurance Company of America for damages in excess of $15,000. (Doc. No. 2, ¶ 1). Plaintiff alleges that her dwelling, including her roof, and personal property were damaged on or about September 26, 2004, as a result of wind and rain. (*Id.* at ¶¶ 2, 3). A homeowner's insurance policy issued by Defendant was in full force and effect when Plaintiff's dwelling and personal property were damaged. (*Id.* at ¶ 4).

Plaintiff alleges that she complied with all conditions precedent under the policy to recover for damage to her dwelling and personal property, but Defendant refused to pay for Plaintiff's covered losses. (*Id.* at ¶ 6). Plaintiff demands judgment against Defendant for all covered losses with interest on any overdue payments, attorneys' fees, and costs. (*Id.* at ¶ 10).

On June 14, 2006, Defendant filed a Notice of Removal to this Court. (Doc. No. 1). Defendant claimed jurisdiction through diversity of citizenship based on the fact that Plaintiff and Defendant are citizens of different states and that the matter in controversy exceeds $75,000 due to the extent of damage claimed by Plaintiff. (*Id.* at ¶¶ 1,4,5).

On June 16, 2005, Plaintiff filed a Motion for Remand. (Doc. No. 5). Plaintiff argues that Defendant has failed to satisfy its burden of establishing by a preponderance of the evidence the requisite minimum amount in controversy. Plaintiff's Complaint alleges only that the amount in controversy exceeds the sum or value of $15,000 and that there was damage to Plaintiff's dwelling and personal property. Because there is no specified amount of damages, Plaintiff contends that Defendant has speculatively alleged in the Notice of Removal with no support whatsoever that the matter in controversy exceeds $75,000. Plaintiff also seeks attorneys' fees and expenses as a result of bringing this motion pursuant to 28 U.S.C. section 1447 because Defendant failed to demonstrate an objectively reasonable basis for seeking removal.

On June 27, 2006, Defendant filed a Response to Plaintiff's Motion for Remand. (Doc. No. 11). Defendant argues that the amount in controversy requirement has been met because the extent of potential exposure to Defendant under the policy of insurance is $543,000 for the dwelling and $380,100 for the contents, less a deductible of $1,000. Because the face value of the policy exceeds the jurisdictional amount, Defendant argues that the amount in controversy requirement has been

satisfied. In support of its argument, Defendant has submitted an estimate for roof repair in the amount of $42,380 and an estimate for pool repair in the amount of $6,149.25. (Doc. No. 11, Ex. 1) (Doc. No. 11, Ex. 2).

This Order analyzes Plaintiff's Motion for Remand and request for attorney's fees.

**Standard of Review**

Removal of civil actions from state to federal court is authorized by 28 U.S.C. section 1441. Under Section 1441(a), the removal jurisdiction of the district court is tied to the original jurisdiction of the federal courts. Removal is only proper if the action originally could have been brought in the district court. *Droessler v. Wyeth-Ayerst Lab.*, 64 F.Supp.2d 1265, 1269 (S.D. Fla. 1999) (citing *Catepillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). When removal is challenged through a motion to remand, the defendant bears the burden of demonstrating that removal is proper. *Id.* (citing *Pacheco de Perez v. AT&T*, 139 F.3d 1268, 1373 (11th Cir. 1998)). The district court must construe removal jurisdictional narrowly and resolve any doubts regarding the existence of federal jurisdiction in favor of the nonremoving party. *Id.*

**Analysis**

At issue in the instant case is whether the amount in controversy requirement has been met. The requirement that the minimum amount in controversy for diversity of citizenship jurisdiction be met is narrowly construed so as not to frustrate the congressional purpose of keeping the diversity caseload of federal courts under some modicum of control. *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1044-45 (3d Cir. 1993), *cert. denied*, 510 U.S. 964 (1993). Where the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement. *Williams v. Best Buy Co., Inc.*,

269 F.3d 1316, 1319 (11th Cir. 2001) (internal citations omitted).  Where an *ad damnum* clause includes a demand for a specific amount of damages which is less than the jurisdictional amount, the defendant is "require to prove to a legal certainty that plaintiff, if [he or] she prevailed, would not recover below [$75,000]."  *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994).

In the instant case, Plaintiff has not claimed a specific amount of damages and simply alleges that damages exceed $15,000.  Thus, Defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement.

It is not facially apparent from Plaintiff's Complaint that the amount in controversy exceeds $75,000.  If the jurisdictional amount is not apparent from the face of the complaint, a district court may properly consider post-removal evidence in determining whether the amount in controversy requirement has been met.  *Williams*, 269 F.3d at 1319.  If the notice of removal merely alleges in a conclusory manner that the jurisdictional amount has been satisfied and fails to set forth the underlying facts that support such an assertion, the defendant has failed to meet its burden.  *Id.*  (internal citations omitted).

Examining Defendant's Notice of Removal and evidence submitted in opposition to Plaintiff's Motion for Remand, the only facts alleged in support of Defendant's assertion are: 1) the policy of insurance has coverage limitations in the amount of $543,000 for the dwelling and $380,100 for the contents inside the dwelling, less a deductible of $1,000; 2) Plaintiff has received an estimate in the amount of $43, 380 to repair her roof; and 3) Plaintiff has received an estimate of $6,149.25 to repair her pool.  Standing alone, these facts are insufficient to demonstrate that the amount in controversy requirement has been satisfied.  Defendant only speculates in its Notice of Removal that the amount in controversy will exceed $75,000, but it fails to provide sufficient evidence demonstrating that the

requirement has been met. Asserting a "general blanket statement" that if Plaintiff prevails, damages could entitle him to thousands of dollars, does not rise to the level of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.[1] *Golden v. Dodge-Markham Co., Inc.*, 1 F.Supp.2d 1360, 1366 (M.D. Fla. 1998).

In addition to requesting that the Court remand this suit to the state court, Plaintiff seeks attorney's fees and expenses as a result of bringing this motion pursuant to 28 U.S.C. section 1447. Section 1447(c) provides that an "order remanding the case may require payment of just costs and actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court has held that "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 126 S.Ct. 704, 708 (2005).

In the instant case, given the amount of the insurance policy and the damage estimates to the pool and roof, Defendant had a good faith belief for concluding that Plaintiff's claim for damages to her home and personal property exceeded $75,000. Because Defendant had an objectively reasonable basis for removable, attorney's fees and costs are not awarded.

**Conclusion**

Based on the foregoing, the Court **GRANTS** Plaintiff Deborah Horowitz's Motion for Remand. (Doc. No. 5). The Court denies Plaintiff's request for attorney's fees and costs incurred as a

---

[1] Defendant also argues that because Plaintiff requests attorney's fees and costs in her complaint, that such an amount must be considered as part of the amount in controversy requirement. Assuming that the Court considered attorney's fees and costs in addition to damages as part of the amount in controversy, the Court would merely be speculating as to the amount of attorney's fees and costs.

result of the Motion for Remand.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on July _17_____ 2006.

_____
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record